UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME SPENCER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action 26-cv-10834-IT |
| | * |
| MASSACHUSETTS COMMISSION | * |
| AGAINST DISCRIMINATION, et al., | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

February 17, 2026

TALWANI, D.J.

Plaintiff Jerome Spencer ("Plaintiff"), proceeding *pro se*, has filed a Complaint [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], and Motion for Court to Deny Any Extensions [Doc. No. 3]. This action concerns an administrative complaint of employment discrimination Plaintiff filed with the Massachusetts Commission Against Discrimination ("MCAD") against Intercontinental Hotel ("Intercontinental"). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis* and DISMISS this action without prejudice to Plaintiff bringing a separate action against Intercontinental for employment discrimination.

**I.    Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], the court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## II.     Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of his Complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court may also *sua sponte* consider relevant jurisdictional issues. See Guillemard-Ginoria v. Contreras-Gomez, 585 F.3d 508, 517-18 (1st Cir. 2009). The court construes Plaintiff's pleading liberally because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A.     Plaintiff's Claims Against the MCAD

According to Plaintiff, he submitted an administrative complaint of employment discrimination against Intercontinental on March 27, 2025. Compl. at 4 [Doc. No. 1]. On August 15, 2025, after the MCAD granted Intercontinental an extension of time to respond to the complaint, Plaintiff received Intercontinental's position statement. Id. Plaintiff emailed MCAD in October and December 2025 to inquire into the status of the investigation into his case, and on both occasions MCAD responded that the investigation was ongoing. [Doc. No. 1-3 at 1-2]. He has not received any other communications from Intercontinental or the MCAD regarding his case. [Doc. No. 1-4 at 1].

Plaintiff claims that the MCAD "failed to enforce" the Civil Rights Act of 1964 and his Fourteenth Amendment right to due process. Id. He seeks "compensatory damages in the amount of $30[,]000 front and back pay." Id.

Plaintiff has failed to state a claim upon which relief may be granted against the MCAD because this state agency is not subject to suit in a federal district court for its alleged failure to timely investigate Plaintiff's complaint. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their

official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. See Virginia Off. for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).[1] ("A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State. Here, Plaintiff has not stated any claim for which the Congress has abrogated, or the Commonwealth has waived, its immunity. Therefore, he has failed to state a claim against the MCAD upon which relief may be granted in federal court. See, e.g., Urella v. Verizon New England, Inc., 682 F. Supp. 3d 134, 137-39 (D. Mass. 2023) (discussing the Eleventh Amendment immunity of the MCAD).

### B.  Plaintiff's Claims Against Intercontinental

Plaintiff also names Intercontinental as a Defendant and asserts that "under title 2 1964 of the civil rights act [he] was denied equal Employment based on [his] color and race under [his] protected class Afro American citizen." [Doc. No. 1-4 at 1]. Plaintiff states no facts in support of this claim, however, focusing instead on the MCAD's alleged failure to investigate. Accordingly, his claim against Intercontinental is dismissed without prejudice for failing to state a claim upon which relief may be granted.

If Plaintiff seeks to proceed with a civil action against Intercontinental rather than waiting for the MCAD to conclude its investigation, he may so. Plaintiff is cautioned, however, that if he seeks to proceed with a civil action, he must notify the MCAD. See M.G.L. ch. 151B, § 9. In that event, his complaint before the MCAD will be dismissed without prejudice, and he will be barred from subsequently bringing a complaint on the same matter before the MCAD. See id.

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." Va. Off. For Prot., 563. U.S. at 253.

Moreover, to the extent that Plaintiff seeks to bring an unlawful employment discrimination under Title VII of the Civil Rights Act of 1964 before the investigation of his claim has concluded, he must first obtain a Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1).

### III.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is GRANTED.

2. This action is DISMISSED. The dismissal is without prejudice to Plaintiff bringing a separate employment discrimination lawsuit against Intercontinental.

3. The Motion for Court to Deny Any Extensions [Doc. No. 3] is DENIED as moot.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: February 17, 2026